IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CV406 |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN R. KOCH, | ) | MEMORANDUM AND ORDER ON LISA |
| | ) | CARROLL'S MOTION TO INTERVENE |
| Defendant. | ) | |
| | ) | |

Now before me is Lisa Carroll's "Motion to Intervene as a Party Plaintiff," filing 150. Since the Fair Housing Act grants Ms. Carroll the right to intervene in this action, see 42 U.S.C. § 3614(e), I shall grant her motion.

## I. BACKGROUND

On November 17, 2005, Lisa Carroll filed a motion to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b). (See filing 150 at 1.)[1] The motion states that Carroll seeks to intervene in order to enforce terms of an order entered by me on March 29, 2005, (see filing 148); more specifically, the motion asserts that if Carroll is allowed to intervene, she will file a "Motion for Show Cause Order" that states, in part, as follows:

> 2.  Defendant has refused to comply with the terms of the [March 29] order and has been in violation of the order since on or about July 27, 2005, in that Defendant has continued management of his landlord-tenant business, and has retaliated against . . . Lisa Carroll, a witness and aggrieved party in this case[,] by filing a Complaint against . . . Lisa Carroll in the County Court of Douglas County, Nebraska, for unpaid rent. . . .
>
> 3.  Defendant has failed to comply with the terms of the order of

---

[1] In the brief accompanying Carroll's motion, she argues that she should also be allowed to intervene as a matter of right pursuant to Rule 24(a). (See filing 151 at 3-4.)

> March 29, 2005[,] and violated said order when Defendant filed a Complaint, in his own name, against Ebony [Dishmon], an aggrieved party and witness in this case, in the Douglas County Court, Nebraska, for unpaid rent. . . .

(Filing 150, Ex. B, ¶¶ 2-3.) In support of her motion, Carroll argues that she has been damaged by the defendant's lawsuit against her, (see filing 151 at 3), and states that the plaintiff "has taken no action" and "is unable to determine if and when it will take any action" to enforce the order, (filing 150, ¶ 6).

On November 30, 2005, the plaintiff filed a "Motion for Issuance of an Order to Show Cause Why Defendant Should Not Be Held in Contempt of Court." (See filing 155.) In support of its motion, the plaintiff argued that the defendant "filed state court actions for back rent against Ms. Dishmon and Ms. Carroll to retaliate against them," and that the defendant should be ordered "to show cause why he should not be held in civil contempt for retaliating against two witnesses . . . in violation of this Court's injunction." (Filing 156 at 14-15.) The plaintiff also filed a document entitled, "Plaintiff United States' Non-opposition to Lisa Carroll's Motion to Intervene as a Party Plaintiff." (Filing 158.) This document states only that the United States does not oppose Carroll's motion to intervene. (See id. (citing 42 U.S.C. § 3641(e).)

Thereafter, the defendant filed an "Objection to Motion to Intervene," wherein he argued that Carroll's motion to intervene was rendered moot upon the filing of the plaintiff's motion for an order to show cause. (See filing 170-1.) More specifically, the defendant argued that Carroll is not entitled to intervene as a matter of right under Rule 24(a) because she cannot establish that her "interest will not be adequately protected by the existing parties." (See filing 170-2 at 1 (quoting Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997)).) In response, Carroll argued that the plaintiff's motion does not eliminate Carroll's ability to intervene pursuant to Rule 24(b)(2), Rule 71, or 42 U.S.C. § 3614(e). (See generally filing 172.)

After several delays, (see filings 173, 175, 177, 179, 183), the plaintiff filed a motion to dismiss its "Motion for Issuance of an Order to Show Cause Why Defendant

Should Not Be Held in Contempt of Court" without prejudice, stating, "the United States has reached a settlement of the matter with Defendant John Koch." (See filing 184.)

## II.   ANALYSIS

In part, Federal Rule of Civil Procedure 26(a)(1) states, "Upon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene." The Fair Housing Act includes a provision that provides,

> Upon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection (a) or (b) of this section which involves an alleged discriminatory housing practice with respect to which such person is an aggrieved person or a conciliation agreement to which such person is a party. The court may grant such appropriate relief to any such intervening party as is authorizes to be granted to a plaintiff in a civil action under section 3613 of this title.

42 U.S.C. § 3614(e). Lisa Carroll has applied to intervene in this action, which was commenced by the Attorney General under § 3614(a) to address the defendant's discriminatory housing practices. (See Compl., filing 1, ¶¶ 2, 5.) There is no dispute that Carroll is an "aggrieved person" within the meaning of § 3614(e), and there appears to be no dispute that her application to intervene is timely. Therefore, I find that Carroll must be permitted to intervene in this action pursuant to § 3614(e).

I note parenthetically that it is unclear whether the settlement reached between the plaintiff and the defendant has addressed the concerns raised in the plaintiff's proposed motion for a "show cause" order. (See filing 150, Ex. B.) However, it seems to me that the settlement does not affect Carroll's right to intervene[2]–though it may well affect the

---

[2] It is true that in order to intervene in an action pursuant to Rule 24(a)(2), a person must show that her interest in the subject matter of the litigation "may be impaired as a result of the litigation" and "is not adequately protected by the existing parties to the litigation." See Chiglo v. City of Preston, 104 F.3d 185, 187 (8th Cir. 1997). However, in this case, Lisa Carroll may intervene as a matter of right, at her discretion, pursuant to Rule 24(a)(1) and § 3614(e). See United States v. Marsten Apartments, Inc., 175 F.R.D. 265, 268-70 (E.D. Mich. 1997).

course of action she chooses to take as an intervening party.

**IT IS ORDERED** that Lisa Carroll's motion to intervene, filing 150, is granted.

Dated June 20, 2006.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge